GREGORY J. WOOD (SBN #200780)
WOOD ROBBINS, LLP
One Post St., Suite 800
San Francisco, California 94104
Telephone: (415) 247-7900
Facsimile: (415) 247-7901

Attorney for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CAMPEAU GOODSELL SMITH, L.C., a law corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN JAMES SHERWOOD; STEPHANIE LYNN SCOTT a.k.a. STEPHANIE L. SCOTT PIPER; and DOES 1 through 20,<br><br>Defendants. | Case No.: 12-05235<br><br>**REQUEST FOR JUDICAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES (BUS. & PROF. CODE § 6204)**<br><br>[Fed. R. Evid. 201]<br><br>Date: March 18, 2013<br>Time: 1:30 P.M.<br>Dept.: 3099<br>Judge: Johnson<br><br>Filed concurrently:<br>1. Defendants' Memorandum of Points and Authorities<br>2. Declaration of Gregory J. Wood<br>3. Proposed Order |

1

REQUEST FOR JUDICAL NOTICE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS (RULE 12(b)(6)) - 10-58623 SLJ

**REQEST FOR JUDICIAL NOTICE**

Defendants STEVEN JAMES SHERWOOD and STEPHANIE LYNN SCOTT ("Defendants") hereby requests that the Court take judicial notice of the following document attached as Exhibit 1. This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. This request is made in connection with Defendants' motion to dismiss the Complaint filed by plaintiff Campeau Goodsell Smith, L.C.

| Exhibit | Description |
|---------|-------------|
| 1 | Arbitration award under California's Mandatory Fee Arbitration Act program. |

**BASIS FOR REQUESTING JUDICIAL NOTICE**

On a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1117, 1109 (N.D. Cal. 2003). Courts can take judicial notice of such matters when considering a motion to dismiss. *Wietschner*, 294 F. Supp. 2d at 1109; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

*Exhibit 1*: The court may take judicial notice of the arbitration award under California's Mandatory Fee Arbitration Act program because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d).

Dated: February 11, 2013

WOOD ROBBINS, LLP

By: _____
GREGORY J. WOOD
Attorney for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT

**EXHIBIT 1**

BEFORE THE SANTA CLARA COUNTY BAR ASSOCIATION
FEE ARBITRATION COMMITTEE

| | |
|---|---|
| In the matter of | )<br>)<br>) |
| Steven J. Sherwood and Stephanie Scott, Petitioners | )<br>)<br>)<br>) ARBITRATION AWARD<br>) |
| and | ) FILE NO. **8086**<br>)<br>) BINDING           ( )<br>) NON-BINDING    ( X ) |
| Kari Silva Bowyer, Esq., Respondent | ) |
| (State Bar Number: 257032) | )<br>) |

The above-captioned arbitration was heard on September 16, 2011 at 890 Hillview Court, suite 260, Milpitas, CA. 95113 by the following sole Arbitrator:

<u>David Dornblaser, Esq.</u>

The following parties to the arbitration were present:

<u>Steven J. Sherwood, Petitioner,</u> and

<u>Stephanie Scott, Petitioner</u>

<u>Kari Silva Bowyer, Esq., Respondent</u>

The Individual Responsible Attorneys are;

<u>Kari Silva Bowyer, Esq., Respondent</u>

State Bar Number <u>257033</u>, and

<u>Scott L. Goodsell, Esq., Respondent</u>

State Bar Number <u>257032</u>

<u>The findings of the Arbitrator are as follows:</u>

1. The Arbitrator(s) find that the total amount of fees and/or costs which should have been charged in this matter are:
   $4500.00

2. Of which client is found to have already paid:
   $6200.00

3. For a difference of:
   $1700.00

4. In addition, the fee arbitration filing fee shall be allocated:

   Client: **$0.00**

   Attorney: **$150.00** (paid by Client)

5. For a net amount of:
   $1850.00

6. Accordingly, the following award is made (please circle letter):

   (a) Clients shall pay attorneys,
   $0.00

   OR

   (b) Attorneys, <u>Kari Silva Bowyer, Esq.</u> (State Bar no. <u>257038</u>) and <u>Scott L. Goodsell, Esq.</u> (State Bar no. <u>257032</u>)

   Shall refund to Clients, <u>$1850.00:</u>

   OR

   (c) Nothing further shall be paid by either attorney or client.

The reasons for the decision are as follows:

**Responsible Attorney(s).** As originally filed by the Petitioners, the "Party with whom there is a dispute"[1] listed only Ms. Bowyer. Respondents' reply brief cover sheet listed Ms. Bowyer as the "Respondent Replying" and Mr. Goodsell as the responsible attorney. Mr. Goodsell apparently signed the cover sheet but his signature was not verified and appears to have been signed by the same person who signed for Ms. Bowyer at the end of the reply brief. Ms. Bowyer's reply brief also listed her and Mr. Goodsell's firm, Campeau Goodsell Smith L.C. ("CGS") as an additional Respondent[2]. The Arbitrator sought the relevant arbitration advisory for guidance in determining the individual responsible attorney(s) in this matter[3]. This advisory and Bus. & Prof. Code § 6203(d) list 11 separate factors "for consideration by the arbitrator or panel designating the individual responsible attorney or attorneys to be specified in the award "[4]. Of these factors, the written submissions of Petitioners and Respondents and the oral testimony (under oath) at the arbitration by Ms. Bowyer and Petitioners each factor would point, in equal amounts, to either Ms. Bowyer or Mr. Goodsell as the responsible attorney. The arbitration advisory also indicated that, "... where it otherwise becomes difficult to determine the individual responsible attorney, the arbitrator or panel may simply have to designate all attorneys who worked on the matter, jointly and severally, as "responsible individual attorneys" such that each would be induced to make sure that the award is paid and seek contribution from

---

[1] Santa Clara County Bar Association Request for Fee Arbitration/Mediation form section 2 as submitted by Petitioners and received by the Santa Clara County Bar Association on April 18, 2012.
[2] Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012.
[3] Arbitration Advisory 1994-04 Identification of "Individual Responsible Attorney" in Fee Arbitration Awards, dated August 19, 1994. This arbitration advisory also references California Business & Professions Code §6302(d), which the Arbitrator used as the controlling statute.
[4] Arbitration Advisory 1994-04 p.1.

any others responsible afterwards."[5] There was another attorney at Ms. Bowyers' firm who performed a slight amount of where this work was generally listed as no charge. Also, Mr. Goodsell left CGS on February 29, 2012[6]. The Arbitrator, therefore, determined that both Ms. Bowyer and Mr. Goodsell, as the principle attorneys in this matter are jointly and severally liable responsible attorneys.

Respondent Ms. Bowyer, in her reply brief argues that Bus. & Prof. Code § 6203(d) does not apply to this arbitration because "Petitioners request for arbitration does not indicate or suggest any potential claim for refund of any previously paid fees and/or costs."[7] Petitioners in their request for mediation[8] p. 2, sections 8, 9 and 11 would seem to indicate that they are not requesting a refund of paid attorney fees. But, in item 12 subsections xi, xii and xiii of said request Petitioners stated, "...$6200 is not a reasonable fee and is thousands of dollars over what they [Petitioners] should have paid... They [Petitioners] should have paid less than $2000 for the Chapter 7 case and have not been treated fairly... They [Petitioners] believe Kari ['s] [Ms. Bowyer's] actions caused these extra costs and [Petitioners] should not have to pay for Kari's mistakes." These written Petitioners' statements and oral testimony, under oath, by Petitioners at the arbitration hearing were determined by the Arbitrator as Petitioner's request for a refund of at least $4200.00 of the $6200.00 Petitioners had paid to Respondents. The Arbitrator, in his decision, ordered Respondents to pay to Petitioners a refund of $1850.00 consisting of

---

[5] Arbitration Advisory 1994-04 p.2.
[6] Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012, p.2.
[7] Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012, p.5.
[8] Santa Clara County Bar Association Request for Fee Arbitration/Mediation form section 2 as submitted by Petitioners and received by the Santa Clara County Bar Association on April 16, 2012.

$1700.00 in paid fees plus the $150 arbitration filing fee. Thus, Bus. & Prof. Code § 6203(d) does apply to this arbitration.

**Fees at issue.** The fees at issue in this arbitration were incurred in the legal representation of Petitioners by Respondents for Chapter 7 bankruptcy work and additional work related to the conversion from a Chapter 7 to a Chapter 13 bankruptcy case.

Petitioners assert; 1) The fixed fee of $6200.00 for filing and prosecuting Client's Chapter 7 case was excessive; (2) Additional hourly charges[9] for work claimed to be outside "the ordinary and usual matters in the bankruptcy court associated with a case under the Bankruptcy Code [Chapter 7]"[10] were part of Respondents' Chapter 7 work and thus should have been covered by the fixed fee[11]; (3) Petitioners were not aware of and did not authorize, either orally or in writing, Respondents to charge Petitioners an hourly rate for any legal work argued by Respondents to be outside of their Chapter 7 case, and; (4) Respondents ran up their bill and, in some instances, made mistakes that were charged to Petitioners.

Respondents assert; (a) that they "informed the Petitioners that this work [conversion from Chapter 7 to Chapter 13] was outside a typical Chapter 7 and they would be billed accordingly, they [Petitioners] agreed,"[12]; (b) The Chapter 7 to Chapter 13 conversion ultimately saved the Petitioners money and assets, and; (c) At all times

---

[9] The hourly charges amounted to $4510.00
[10] Respondent's Attorney-Client Fee Contract, dated July 27, 2010 §§2 and 3, provided by Petitioners in their request for Fee Arbitration/ Mediation.
[11] These additional hourly fees amounted to $4510.
[12] Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012, p. 3 paragraph 1.

Respondents work was accurate and well within the professional standards of California attorneys.

**Arbitration Hearing.** The arbitration consisted of a review of previously submitted written evidence from Petitioners and Respondents and the taking oral testimony, under oath, from Mr. Sherwood, Ms. Scott and Ms. Bowyer. No additional written evidence was admitted during the hearing.

**Analysis:**

**Written Fee Agreement.** Petitioners, in their initial response, produced a signed written fee agreement[13], drafted by Respondents' firm and signed manually by Petitioners. Ms. Bowyer signature was a typed "/s/ *Kari Silva*." The parties, under oath, acknowledge that Exhibit A "Attorney-Client Fee Contract" is true and correct. Bus. & Prof. Code §6148 sets forth the requirements of fee agreements between attorneys and clients. The fee agreement conformed to section 6148 in that it contained the basis of compensation and general nature of legal services to be provided to Petitioners. As such, the fee agreement is valid, binding and not voidable at the option of the client.

But, said fee contract limited Respondents' services "to provide those legal services in connection with prosecuting a Chapter 7 liquidation case in the United States Bankruptcy Court. Attorney shall provide those legal services reasonably required to represent Client... Attorney's services **will not include litigation of any kind** [emphasis added], whether in court, in administrative hearings or before government agencies or

---

[13] Exhibit 1 to Santa Clara County Bar Association Request for Fee Arbitration/Mediation form as submitted by Petitioners and received by the Santa Clara County Bar Association on April 18, 2012.

arbitration tribunals, absent further written agreement"[14] The fees in said fee contract were simply stated, "Client will deposit a flat fee retainer of $6200 with Attorney as a fixed fee for filing and prosecuting Client's Chapter 7 case."[15] After reviewing the Attorney-Client Fee Contract and the $4510 invoice prepared by Respondents (purportedly for work outside of such fee contract), the Arbitrator finds that they reasonably conform to the form required by Bus. & Prof. Code §§ 6147 and 6148 but that the fee language and qualifiers in Sections 2 and 3 of the parties Attorney-Client Fee Agreement are vague and ambiguous in that legal work "reasonably required" and "prosecution of Clients Chapter 7 case" leave a great variability in their interpretation. Given that California contract law requires the ambiguities to be construe against the drafter [Respondents], the Arbitrator must determine the interpretation and limits to the Respondents' language.[16]

**Fees Charged by Respondents.**

A short summary of the fees for legal representation of the Petitioners is necessary to understand the issues at hand. The total amount paid by Petitioners for their legal representation amounted to; $6200 + $4510 + $4500 = $15,210.00.[17] The $6200 fixed fee was for Chapter 7 work by Respondents under the Attorney-Client Fee Contract. The $4510 invoiced fee was for Respondents' legal work (performed by Ms. Bowyer) to convert the Chapter 7 case to a Chapter 13 case. The $4500 fee was for The Ryan Wood and Kitty Lin law firm to prosecute the Chapter 13 legal work[18] was not included in this fee

---

[14] Santa Clara County Bar Association Request for Fee Arbitration/Mediation form as submitted by Petitioners and received by the Santa Clara County Bar Association on April 18, 2012. Exhibit 1, p.1, section 2.
[15] Santa Clara County Bar Association Request for Fee Arbitration/Mediation form as submitted by Petitioners and received by the Santa Clara County Bar Association on April 18, 2012. Exhibit 1, p.1, section 3.
[16] Arbitration Advisory 1998-03, Determination of a "Reasonable Fee" points 8 and 9.
[17] These amounts do not include monies paid to other professionals, such as the bankruptcy trustee's attorneys.
[18] Oral testimony by Petitioners during the arbitration hearing.

arbitration as an issue by Petitioners and, therefore, will not be considered by the Arbitrator. The Wood and Lin charges are not included in the calculations of this Arbitration Award.

The first issue to be considered is whether or not Respondents' $4510 invoice of hourly charges should have been included in Respondents' fixed $6200 fee. The invoice was sent to Petitioners 9 months after the work was conducted. Petitioners emailed their complaint to Respondents almost immediately after they received the invoice, which the Arbitrator interpreted Petitioners' email as a true objection to the invoice and not just an attempt to avoid it.[19] Additionally, there was no written amendment or additional agreement indicating that Petitioners agreed to hourly services.

The Attorney-Client Fee Contract, drafted by Respondents, clearly stated that "Client will deposit a flat fee retainer of $6200 with Attorney [Respondents] as a fixed fee for filing and prosecuting Client's Chapter 7 case... Client hires Attorney to provide those legal services in connection with prosecuting a Chapter 7 liquidation case in the United States Bankruptcy Court, but "not [to] include litigation of any kind... absent further written agreement." Further, Respondents agreed to "represent Client in the ordinary and usual matters in the bankruptcy court associated with a case under the Bankruptcy Code," excluding litigation. So, all of Respondents' work on Petitioners' Chapter 7 case is interpreted by the Arbitrator to be included in the fixed fee unless such work is litigation or outside ordinary and usual matters in the bankruptcy court. The phrase "ordinary and unusual matters" must also be interpreted by the Arbitrator. The $4510 hourly invoice

---

[19] See emails Included by Petitioners In their Santa Clara County Bar Association Request for Fee Arbitration/Mediation form as submitted by Petitioners and received by the Santa Clara County Bar Association on April 18, 2012

contains 29 individual time entries of which 7 were "no charge" and the other 22 entries consisted of 16.40 hours of work at $275.00 per hour for the $4510.00 invoice total. All of the charged entries were for work completed by Ms. Kari L. Silva [Ms. Bowyer]. Of the charged entries, the first 11 comprised conferences to discuss issues directly related to "prosecuting a Chapter 7 liquidation case" and are "ordinary and usual." Two of the three 11/15/10 entries[20] are a telephone conference between Ms. Bowyer and Mr. Wood "regarding potential client case conversion to Chapter 13 proceeding" and an internal conference on the same conversion idea. Thus, the conferences were conducted during the pendency of the Chapter 7 case and prior to conversion to Chapter 13. Strategy and planning discussions on whether or not to convert a Chapter 7 case to other types of bankruptcy case are "ordinary and usual" and should be accomplished if facts or circumstances warrant the change while attorneys are prosecuting a case. The final charged entries on page 3 of the 9/30/11 invoice all are directly associated with the planning, motions to convert Petitioners Chapter 7 case and .30 hours to discuss status of the case file with a Chapter 13 attorney (Wood). In Santa Clara County it is more common for the Chapter 13 attorneys to draft, file and defend the motion for such conversion. In addition, because attempts to convert Chapter 7 bankruptcy cases to other chapters are not unusual or out of the ordinary, these entries should be included in the $6200 fixed fee. The entire $4500 invoice, therefore, should have been part of the $6200 fixed fee.

**Reasonableness of $6200.00 fixed fee.**

---

[20] The two 11/15/10 entries referred to are the telephone conference for .30 hours ($82.50) and the conference with other Respondent attorneys for 1.50 hours ($412.50)

Arbitrator finds that, given the complexities of the case, and other factors[24] the fixed fee in Santa Clara County California should be $4500.00 and that $6200.00 was unreasonable.

**Conclusion.**

The decision of the arbitration panel is based on the evidence, testimony and examinations presented at the hearing. The issue before the arbitration panel was to determine whether the fees charged by Respondents were necessary, reasonable, unreasonable or unconscionable under the circumstances. Relevant statutes and case law were also considered in arriving at the decision. Based on the foregoing analysis, the arbitration panel finds, based on a preponderance of the evidence, its decision herein.

Dated this ____first____ day of __October____, 2012__.

_____/s/ David Dornblaser_____
Sole Arbitrator

---

[24] Arbitration Advisory 1998-03, Determination of a "Reasonable Fee" points 8 and 9.

**Irene Cortez**

**From:** David Dornblaser [dd@dornblaser.org]
**Sent:** Monday, October 22, 2012 4:44 PM
**To:** Irene Cortez
**Subject:** RE: Arbitration in Fee Dispute- File No. 8086 Sherwood/Scott vs Goodsell
**Attachments:** SCCBA Arbitration Award Sherwood and Scott vs Boyer 8080 v3.docx

Here is another copy.
Dave

**David Dornblaser** | Attorney | *Law Offices of David Dornblaser*
(T) +1 408-209-5879 | (F) +1 408-877-3807 | dd@dornblaser.org
890 Hillview Ct. Suite 260 Milpitas, CA 95035
**CONFIDENTIALITY NOTICE:** This message may contain information that is attorney-client privileged, attorney work product or is otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Irene Cortez [mailto:irenec@sccba.com]
**Sent:** Monday, October 22, 2012 3:53 PM
**To:** dd@dornblaser.org
**Subject:** RE: Arbitration in Fee Dispute- File No. 8086 Sherwood/Scott vs Goodsell

No, I did not.

Can you please resend.

Thank you.

**From:** David Dornblaser [mailto:dd@dornblaser.org]
**Sent:** Monday, October 22, 2012 3:45 PM
**To:** Irene Cortez
**Subject:** FW: Arbitration in Fee Dispute- File No. 8086 Sherwood/Scott vs Goodsell

Hello Irene,
Did you receive my judgment in this case?

Dave

**David Dornblaser** | Attorney | *Law Offices of David Dornblaser*
(T) +1 408-209-5879 | (F) +1 408-877-3807 | dd@dornblaser.org
890 Hillview Ct. Suite 260 Milpitas, CA 95035
**CONFIDENTIALITY NOTICE:** This message may contain information that is attorney-client privileged, attorney work product or is otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Kari Silva Bowyer [mailto:ksilva@campeaulaw.com]
**Sent:** Friday, October 19, 2012 3:44 PM
**To:** dd@dornblaser.org; ssherwood@sbcglobal.net
**Subject:** RE: Arbitration in Fee Dispute- File No. 8086 Sherwood/Scott vs Goodsell

Mr. Dornblaser,

I wanted to follow-up in regards to the arbitration that was held on August 14, 2012. To date our office

10/23/2012

In order to determine the reasonableness or unconscionability of the fees, the necessity of the work for which the fees were charged, et cetera, the Arbitrator examined a summary of Petitioners bankruptcy case that was provided by Respondents.[21] The State Bar of California provides Arbitration Advisory 1996-03 Burden of Proof in Fee Arbitrations as guidance. The Arbitrator, consulting this advisory, determined that the Respondent attorneys bear the burden of proof (based on a preponderance of the evidence) that their fixed fee of $6200 is both reasonable and necessary. Respondents provided the previously mentioned summary of Petitioners' bankruptcy case and oral and written statements reiterating their position that $6200 is a reasonable fee for the work performed. Petitioners submitted the parties Attorney-Client Fee Agreement containing the fixed fee statement along with oral and written statements in their initial submission. Petitioners state that the fixed fee amount should not have exceeded approximately $2000, which was the standard their area. This bankruptcy case was somewhat more complex that just a simple married couple proceeding through a Chapter 7 bankruptcy. Here, Petitioner Mr. Sherwood's mother died shortly before the Chapter 7 case was scheduled to become final, complicating the case[22]. Also, Ms. Scott owned a small business adding additional difficulty to the case[23]. The Arbitrator finds that Respondents did not present adequate evidence to meet their burden of proof to show their fixed fee is reasonable. Further, the

---

[21] Attachment to Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012, p.2.
[22] Respondent Campeau Goodsell Smith's Reply to Petitioner's Request for Arbitration and Attorney Responsibility dated May 29, 2012.
[23] Oral testimony of Ms. Scott during the arbitration hearing.