| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | GREGORY J. WOOD (SBN #200780)<br>WOOD ROBBINS, LLP<br>One Post St., Suite 800<br>San Francisco, California 94104<br>Telephone: (415) 247-7900<br>Facsimile: (415) 247-7901<br><br>Attorney for Defendants<br>STEVEN SHERWOOD and<br>STEPHANIE SCOTT |

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CAMPEAU GOODSELL SMITH, L.C., a law corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STEVEN JAMES SHERWOOD; STEPHANIE LYNN SCOTT a.k.a. STEPHANIE L. SCOTT PIPER; and DOES 1 through 20,<br><br>　　　　　Defendants. | Case No.: 12-05235<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [RULE 12(b)(6)] AND REQUEST FOR ATTORNEY FEES [BUS. & PROF. CODE § 6204]**<br><br>Date: March 18, 2013<br>Time: 1:30 P.M.<br>Dept.: 3099<br>Judge: Johnson<br><br>Filed concurrently:<br>1. Proposed Order<br>3. Request for Judicial Notice<br>3. Declaration of Gregory J. Wood |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ

## I. PRELIMINARY STATEMENT

Defendants Steven Sherwood and Stephanie Scott ("Defendants") have been sued by their former Chapter 7 bankruptcy attorneys, Campeau, Goodsell Smith L.C. ("CGS" or "Plaintiff") for unpaid attorney's fees. CGS charged a flat fee and then, after the firm withdrew and bankruptcy was completed by another firm, sought additional fees. The additional fees are not contemplated by the fee agreement and, important to this Motion, were not disclosed to this Court as required by the Bankruptcy Code and Bankruptcy Rules. Accordingly, CGS is barred from relief and Defendants' motion to dismiss must be granted.

## II. STATEMENT OF FACTS

Defendants initially retained CGS to represent them in their Chapter 7 proceeding in the Northern District of California. On or around July 27, 2010, Defendants agreed to pay CGS an outrageously high flat fee of $6,500.00 to represent him through his Chapter 7 bankruptcy proceedings. CGS filed Defendant's bankruptcy on August 19, 2010.

On September 29, 2010, six days after the Meeting of Creditors, Defendant Sherwood's mother passed away and Defendant Sherwood inherited a substantial inheritance which made him ineligible for a Chapter 13 filing. CGS said they do not do Chapter 13 cases and advised Defendants they would need to retain the services of another attorney to complete the bankruptcy proceedings. Defendants then retained the services of Ryan C. Wood from The Law Offices of Lin & Wood ("Lin & Wood"), to represent them in their Chapter 13 proceeding. Defendants paid Lin & Wood $3,000 to represent them through their Chapter 13 bankruptcy.

You would think, since CGS did not finish the job they were paid a flat fee to do, that they might return part of the fee. Not these guys, no they are bold. ***Months after the bankruptcy completed, CGS presented Defendants with an invoice reflecting additional hourly charges of $4,510.00 over and above the flat fee paid.***

The July 27, 2010 flat fee agreement provides:

> 3. **FEE DEPOSIT.** Client will deposit a flat fee retainer for $6,200 with Attorney, as a fixed fee for filing and prosecuting Client's Chapter 7 case.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ

(Wood Decl. ¶ 2, Ex. A.) *The fee agreement did not contain any disclosure of hourly charges or contemplation of hourly charges.* (*Id.*)

Defendants filed a demand for arbitration and the matter was arbitrated as part of the County of Santa Clara's attorney-client fee dispute program. The arbitrator found that the total amount of fees and/or costs which should have been charged in the matter was $ 4,500, that Defendants had already paid $ 6,200.00, and ordered CGS to refund to Defendants $1,850.00. (Request for Judicial Notice, Ex. 1 at 3 of 4.)

### III. LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Hild v. California Supreme Court*, C 07-5107TEH, 2008 WL 544469 (N.D. Cal. Feb. 26, 2008); *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir.2001). In addition, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001), *amended on other grounds by* 275 F.3d 1187 (9th Cir.2001). A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Id.*

### IV. ARGUMENT

**a. The Complaint Fails to State a Claim Upon Which Relief May be Granted.**

In bankruptcy court, all fees must be disclosed and post-petition fees must be approved by the Court. Bankruptcy Code Section 329(a) and Bankruptcy Rule 2016(b) together provide

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ

that attorneys representing debtors in connection with a bankruptcy case must, within 15 days after a case is filed, file with the court and serve on the U.S. Trustee a statement disclosing the "compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition." Rule 2016(b) also requires that a supplemental statement complying with Section 329 and Rule 2016 must be filed with the court and a copy transmitted to the U.S. Trustee within 15 days after any payment or agreement not previously disclosed. Any attorney who fails to make the full, accurate, and timely fee disclosures required by the Code and Rules forfeits any right to be compensated for his services. *See e.g., Law Office of Nicholas A. Franke v. U.S. Trustee*, 113 F.3d 1040, 1045 (9th Cir. 1997) (Bankruptcy court has broad and inherent authority to deny any and all compensation when attorney fails to satisfy his obligations under disclosure and reporting requirements of the Bankruptcy Code and Bankruptcy Rules, such as by failing to fully disclose the nature and circumstances of his fee arrangement with debtor); *Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997) (Fee disclosure requirements imposed on debtor's counsel are mandatory, not permissive, and attorney who fails to comply with these requirements forfeits any right to be compensated for his services). Even a negligent or inadvertent non-disclosure may result in denial of all fees. *Law Office of Nicholas A. Franke*, 113 F.3d 1040 (9th Cir. 1997).

CGS completely disregarded the Court's rules in this case. First, the July 27, 2010 fee agreement specified a flat fee. An hourly fee was neither disclosed to the client or the Court. Second and the post-filing $4,510.00 fee demanded by CGS was neither reported to nor approved by the Court. CGS's complaint contains no allegations to the contrary. Instead, CGS's complaint alleges, in conclusory terms:

> 11. CGS promptly met with DEFENDANTS to discuss their rights and remedies relative to the pending Chapter 7 bankruptcy and pursuant thereto DEFENDANTS were advised that additional legal services by CGS would be outside the scope of the initial fee retainer agreement, DEFENDANTS were advised that because further legal services would be outside the scope of the initial flat fee retainer agreement they would be charged and invoiced for such additional legal services and would have to pay CGS for such additional legal services, and DEFENDANTS agreed to pay CGS for such additional legal services.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ

12. Subsequently CGS performed additional legal services outside the scope of the initial flat fee retainer agreement at the direction of, with the consent of, and for the benefit of DEFENDANTS, CGS presented an invoice to DEFENDANTS for such additional legal services, but DEFENDANTS refused and refuse to pay CGS. As of October 2011 the outstanding balance owed by DEFENDANTS to CGS for such additional services was $4,510.00.00.

(Complaint at ¶¶ 11 and 12.)

In light of the foregoing law, CGS has not set forth any cognizable cause of action and dismissal for failure to state a claim for relief is appropriate.

### b. Defendants are Entitled to Attorney's Fees Under California's Business and Professions Code.

California's Business and Professions Code § 6204 provides attorney fees to the prevailing party:

> (d) The party seeking a trial after arbitration shall be the prevailing party if that party obtains a judgment more favorable than that provided by the arbitration award, and in all other cases the other party shall be the prevailing party. The prevailing party may, in the discretion of the court, be entitled to an allowance for reasonable attorney's fees and costs incurred in the trial after arbitration, which allowance shall be fixed by the court. In fixing the attorney's fees, the court shall consider the award and determinations of the arbitrators, in addition to any other relevant evidence.

CGS charged defendant Sherwood a flat fee of $6,200.00 for representing him through his Chapter 7 bankruptcy proceedings. This fee is inordinately high, especially in light of the fact that CGS withdrew and bankruptcy was completed by another firm. Even so, Defendants paid GCS the full flat fee. But CGS was not satisfied being paid for a job it never finished. Instead CGS is pursuing an additional hourly fee that it should never have charged in the first place. ***Defendants sought arbitration and the arbitrator found that the total amount of fees and/or costs that should have been charged was $4,500 and ordered partial disgorgement of $1,700.00. He also allocated the fee arbitration filing fee of $150.00 to CGS, and awarded Defendants a refund totaling $1,850.00.*** CGS should have taken the arbitrator's hint and ended the matter there. Instead CGS brought this action and Defendants have had to incur time and expense in attending to a matter that they should never have had to deal with. Accordingly, Defendants should be awarded attorney's fees.

5

## V. CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court dismiss CGS's complaint in its entirety without leave to amend and order CGS to pay Defendants' reasonable attorney's fees. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (Dismissal without leave to amend is proper if the complaint could not be saved by any amendment).

Dated: February 11, 2013

WOOD ROBBINS, LLP

By: _____
GREGORY J. WOOD
Attorney for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS (RULE 12(b)(6)) AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ