GREGORY J. WOOD (SBN #200780)
WOOD ROBBINS, LLP
One Post St., Suite 800
San Francisco, California 94104
Telephone: (415) 247-7900
Facsimile: (415) 247-7901

Attorney for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CAMPEAU GOODSELL SMITH, L.C., a law corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN JAMES SHERWOOD; STEPHANIE LYNN SCOTT a.k.a. STEPHANIE L. SCOTT PIPER; and DOES 1 through 20,<br><br>Defendants. | Adversary Case No.: 12-05235<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [RULE 12(b)(6)] AND REQUEST FOR ATTORNEY FEES [BUS. & PROF. CODE § 6204]**<br><br>Date: March 18, 2013<br>Time: 1:30 P.M.<br>Dept.: 3099<br>Judge: Johnson<br><br>Filed concurrently<br>1. Declaration of Gregory J. Wood<br>2. Amended Request for Judicial Notice |

1

## I. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF.

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Plaintiff's complaint states the claim in vague, conclusory terms without setting forth one or more key elements. Bankruptcy Code Section 329(a) and Bankruptcy Rule 2016(b) together provide that attorneys representing debtors in connection with a bankruptcy case must, within 15 days after a case is filed, file with the court and serve on the U.S. Trustee a statement disclosing the "compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition." Rule 2016(b) also requires that a supplemental statement complying with Section 329 and Rule 2016 must be filed with the court and a copy transmitted to the U.S. Trustee within 15 days after any payment or agreement ***not previously disclosed***. Any attorney who fails to make the full, accurate, and timely fee disclosures required by the Code and Rules forfeits any right to be compensated for his services. *See e.g., Law Office of Nicholas A. Franke v. U.S. Trustee*, 113 F.3d 1040, 1045 (9th Cir. 1997).

Plaintiff Campeau Goodsell Smith ("CGS") did not allege in their complaint that they made the necessary disclosures pursuant to Section 329(a) and Rule 2016(b). Plaintiff also failed to allege that the fees in dispute were not subject to the disclosure requirements of Section 329(a) and Rule 2016(b). Undisclosed fees are strictly denied, whether nondisclosure is negligent or inadvertent. *Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997) (Fee disclosure requirements imposed on debtor's counsel are mandatory, not permissive, and attorney who fails to comply with these requirements forfeits any right to be compensated for his services); *Law Office of Nicholas A. Franke*, 113 F.3d 1040 (9th Cir. 1997) (Even a negligent or inadvertent non-disclosure may result in denial of all fees).

## II. THE HOURLY INVOICE CONSISTED OF CHARGES DIRECTLY RELATED TO PROSECUTING DEFENDANTS' CHAPTER 7 CASE THAT SHOULD HAVE BEEN, BUT WERE NOT, DISCLOSED PURSUANT TO BANKRUPTCY CODE SECTION 329(a) AND BANKRUPTCY RULE 2016(b).

A Rule 12(b)(6) must be granted where Plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F3d 778, 783, fn. 1 (9th Cir. 1997). For purposes of a Rule 12(b)(6) motion, the court may "augment" the facts and inferences from the body of the complaint with "data points gleaned from documents incorporated by reference into the complaint." *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir. 2010). Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F2d 1542, 1555 (9th Cir. 1990) (Material properly submitted with the complaint may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss); *Kaufman & Broad–South Bay v. Unisys Corp.*, 822 F.Supp. 1468, 1472 (ND CA 1993). Additionally, defendants may attach to its Rule 12(b)(6) motion the documents referenced in the complaint to show that they do not support plaintiff's claim even if plaintiff does not attach a copy of the documents. *See Branch v. Tunnell*, 14 F3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F3d 1119, 1127 (9th Cir. 2002) (Although plaintiff is not required to attach to the complaint the documents on which it is based, if plaintiff fails to do so, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim). Thereafter, the Court may incorporate those documents by reference into the complaint for purposes of deciding the motion. *Davis v. HSBC Bank Nevada, N.A.*, 691 F3d 1152, 1159–1160 (9th Cir. 2012); *Knievel v. ESPN*, 393 F.3d 1068, 1076–1077 (9th Cir. 2005) (This "incorporation by reference" doctrine allows the court to look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment and prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document on which it relies). The court may disregard allegations in the complaint if contradicted by facts established by reference to documents properly considered. *Durning v. First Boston Corp.*, 815 F2d 1265, 1267 (9th Cir. 1987).

Defendants have attached a copy of the invoice referenced in Plaintiff's complaint to the Declaration of Gregory J. Wood filed with this reply. Plaintiff's complaint states in conclusory terms that they "performed additional legal services outside the scope of the flat fee retainer agreement." But the invoice, which was sent to Defendants *nine months* after the work was conducted, indicates that that the work was directly related to prosecuting a Chapter 7 liquidation case. The $4510 hourly invoice contains 29 individual time entries. Of the charged entries, the first 11 comprised conferences to discuss issues directly related to prosecuting a Chapter 7 liquidation case. Two of the 11/15/10 entries are a telephone conference with Defendant's subsequent Ch. 13 attorney regarding "potential client case conversion to Chapter 13 proceeding" and an internal conference on the same conversion idea. The conferences were conducted during the pendency of the Chapter 7 case and prior to conversion to Chapter 13. Strategy and planning discussions on whether or not to convert a Chapter 7 case to other types of bankruptcy cases should be accomplished if facts or circumstances warrant the change while attorneys are prosecuting a case. The final charged entries are all directly associated with the planning, motions to convert Defendants' Chapter 7 case and .30 hours to discuss the states of the case file with Defendants' Chapter 13 attorney. The entire invoice therefore should have been disclosed as mandated by Bankruptcy Code Section 329(a) and Bankruptcy Rule 2016(b). Plaintiff's failure to disclose as required is a complete bar to recovery.

### III. THE ARBITRATION AWARD IS REQUIRED TO BE ATTACHED AND SUBMITTED AS PART OF PLAINTIFFS' REJECTION OF REWARD AND REQUEST FOR TRIAL.

Plaintiff is required, as part of its rejection of award and request for trial after attorney-client fee arbitration, to attach and submit a copy of the arbitration award under California's Mandatory Fee Arbitration Act program. For unknown reason(s), the arbitration award submitted by Plaintiff was incomplete: only two of the eleven pages of the award were actually submitted. Defendants had intended to rectify this mistake on Plaintiff's party by including a *complete* copy the arbitration award along with its Rule 12(b)(6) motion, but a partial copy was

4

REPLY IN SUPPORT OF MOTION TO DISMISS (RULE 12(b)(6))
AND REQUEST FOR ATTORNEY FEES - 10-58623 SLJ

inadvertently submitted. To correct this mistake, Defendants have filed herewith an Amended Request for Judicial Notice with complete arbitration award.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety without leave to amend and order CGS to pay Defendants' reasonable attorney's fees. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (Leave to amend should be denied if "allegation(s) of other facts consistent with the challenged pleading could not possibly cure the deficiency").

Dated: March 5, 2013  WOOD ROBBINS, LLP

By: _____
GREGORY J. WOOD
Attorney for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT