GREGORY J. WOOD (SBN #200780)
CINDY TRUONG (SBN# 273505)
WOOD ROBBINS, LLP
One Post St., Suite 800
San Francisco, California 94104
Telephone: (415) 247-7900
Facsimile: (415) 247-7901

Attorneys for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CAMPEAU GOODSELL SMITH, L.C., a law corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN JAMES SHERWOOD; STEPHANIE LYNN SCOTT a.k.a. STEPHANIE L. SCOTT PIPER; and DOES 1 through 20,<br><br>Defendants. | Case No.: 12-05235 SLJ<br><br>**ANSWER** |

Defendants Steven Sherwooood and Stephanie Scott ("Defendants"), in answer to the unverified complaint of plaintiff law firm Campeau Goodsell Smith ("Plaintiff"), and each and every cause of action therein, hereby pleads, denies and alleges upon information and belief as follows:

## **GENERAL DENIAL**

Defendants deny each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations in Plaintiff's Complaint on file herein, and each

1

ANSWER

and every purported cause of action contained therein, and further denies that Plaintiff has been damaged or will be damaged in any sum or manner whatsoever, or at all, or is entitled to any relief of any kind or nature in any form whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to Meet Conditions of the Contract)**

Plaintiff shall take nothing from the Complaint because the contract was limited to services in connection with a Chapter 7 bankruptcy filing and the fees for time and expenses were not in connection therewith. Plaintiff should further take nothing because the contract provided for a flat fee and did not provide for hourly fees and expenses. The *quantum meruit* claim fails because the contract did take effect and, by the contract's terms, *quantum meruit* recovery was limited to when the contract does not take effect. Plaintiff further failed to perform by not disclosing any fees paid to the Bankruptcy Court.

### SECOND AFFIRMATIVE DEFENSE

**(Frustration of Purpose)**

Plaintiff shall take nothing from the Complaint because the contract was limited to services in connection with a Chapter 7 bankruptcy filing, which it was determined by Plaintiff was no longer appropriate for Defendants.

### THIRD AFFIRMATIVE DEFENSE

**(Illegality)**

Plaintiff shall take nothing from the Complaint because the contract was illegal. The contract upon which the claim is made, an attorney fee agreement, violates Rules of Professional Conduct 4-200 in that the fee charged was unconscionable. The contract further violates Business and Professions Code § 6148, which requires the contract state any basis of

2

ANSWER

compensation including, but not limited to, hourly rates. The contract, to the extent Plaintiff argues requires additional fees be paid, violates the Bankruptcy Code and regulations thereunder.

## FOURTH AFFIRMATIVE DEFENSE
### (Unconscionability)

Plaintiff shall take nothing from the Complaint because the contract fee was unconscionable. The average fee charged for a Chapter 7 bankruptcy in the region is between $1,000.00 and $2,000.00 and the flat fee charged by Plaintiff was three times that. This is not even counting the additional fees claimed, when the Chapter 7 bankruptcy was determined by Plaintiff to be inappropriate for Defendants' needs.

## FIFTH AFFIRMATIVE DEFENSE
### (Terms Ambiguous)

Plaintiff shall take nothing from the Complaint because the terms of the contract are ambiguous with respect to whether an hourly fee was being charged and ambiguities are found in favor of the client. See *Alderman v. Hamilton* (1988) 205 Cal.App.3d 1033 [252 Cal.Rptr. 845]; *Severson & Werson v. Bollinger* (1991) 235 Cal.App.3d 1569, opn. mod. at 1 Cal.App.4th 417 [1 Cal.Rptr.2d 531].

Dated: April 9, 2013

WOOD ROBBINS, LLP

By: _____
GREGORY J. WOOD
Attorneys for Defendants
STEVEN SHERWOOD and
STEPHANIE SCOTT